MRS. MAGDALENA HOLZER v. WHISTLE BOTTLING COMPANY OF NEW ORLEANS; CIVIL SHERIFF OF PARISH OF ORLEANS, Appellant

(October 19, 1925, Opinion and Decree)

(*Syllabus by the Court.*)

1. Louisiana Digest—Pleading—Par. 40.

No call in warranty is allowed when no privity of contract exists between plaintiff and proposed warrantor.

2. Louisiana Digest—Execution—Par. 169.

There is no error in a judgment which compels the sheriff, after due proceedings taken, to pay to the seizing creditor a surplus remaining in his hands after costs approved by the court have been satisfied.

Appeal from the Civil District Court, Division "B", 141824. Hon. M. M. Boatner, Judge.

This is a suit in which the sheriff erroneously paid money to a garage for storage. The sheriff called the storage garage in warranty.

There was judgment condemning the sheriff to pay the assignee of the seizing creditor the amount which he had erroneously paid the storage garage and also dismissing his call in warranty.

The sheriff has appealed.

Judgment affirmed.

A. M. Buchmann and Louis Yarrut, of New Orleans, attorneys for plaintiff, appellee.

Geo. Montgomery and W. O. Hart, of New Orleans, attorneys for plaintiff, appellee.

BELL, J.   The civil sheriff for the parish of Orleans, appellant herein, contracted with the Sutter Motor Company of New Orleans for storage of certain auto trucks, etc., belonging to the Whistle Bottling Company, defendants in the above entitled suit, for provisional seizure.

James A. Demarest appears from the record to have become the assignee and subrogee of the seizing creditor, Mrs. Magdalena Holzer, and as such obtained judgment in the sum of $2000.00, with interest, attorney's fees and costs. The property on the leased premises, as well as that in storage with the Sutter Company, having been sold in satisfaction of the writ, the sheriff took a rule against Demarest to tax, as part of the costs, the bill of the Sutter Company for storage, which amounted to $160.00. There was judgment against Demarest, and in favor of the sheriff, for only $100.00 of this amount. Demarest in turn, ruled the sheriff to show cause why the sum of $60.00 in the sheriff's hands, over and above the $100.00 allowed by the court for storage, should not be paid to Demarest toward the satisfaction of the judgment, interest, costs, etc., obtained by him as plaintiff and assignee in the main action. To this latter proceeding the Sutter Company appeared by way of intervention, alleging that it had never been made a party to the sheriff's original rule to tax its bill of costs against Demarest, and that it was entitled by priority to this fund of $60.00 as the unpaid portion of its storage bill contracted by the sheriff. It accordingly prayed that the Demarest rule be dismissed, and that the sheriff be directed to pay intervenor the balance in his hands, to-wit, the $60.00. The sheriff thereupon filed additional pleadings in the matter of the rule by Demarest against him. These pleadings he styled "Supplemental Answer and Call in Warranty". It was therein alleged as follows:

"That, through error, he paid to the Sutter Motor Company, as costs herein, one hundred and sixty dollars, when the court had fixed its claim at one hundred dollars, but to the rule so fixing it, the said Sutter Motor Company was not a party; therefore, is a necessary party to the rule of plain-

tiff as a warrantor of this appearer in the event the court should order this appearer to pay to the plaintiff sixty dollars as claimed."

To the call in warranty, the Sutter Company filed exceptions of no cause of action, and at the same time and before hearing of the Demarest rule, the Sutter Company, by written motion and order, withdrew its previous petition of intervention. After due hearing of the Demarest rule the court rendered judgment making said rule absolute, and condemning the sheriff to pay the $60.00 in dispute to Demarest, and also dismissing the call in warranty at the sheriff's cost. From this judgment the sheriff has appealed.

From the facts, as above stated, it is plain that there was no privity of contract whatever between Demarest and the Sutter Company, and it therefore follows that the exception of no cause of action filed to the sheriff's call in warranty was well founded and properly maintained. C. P. 378.

The Sutter Company is not a party to the appeal now before this court, nor could it be. Inasmuch as its petition of intervention has been withdrawn and the call in warranty filed by the sheriff has been properly dismissed, it results that said company is not a litigant in these proceedings. We are not concerned with what rights it may have, if any, against the civil sheriff.

We find no error in the judgment appealed from.

There is no dispute but that there was a surplus in the hands of the sheriff to the extent of $60.00, and that under the main judgment rendered in favor of Demarest, in the provisional seizure suit here involved, the trial court had nothing else to do but to direct the payment of this surplus to the seizing creditor.

It is ordered that the judgment appealed from be and the same is hereby affirmed at appellant's cost in both courts.